187 N.J. Super. 359 (1982)
454 A.2d 905
MARLBORO MANOR, INC., PLAINTIFF-APPELLANT,
v.
BOARD OF COMMISSIONERS OF THE TOWNSHIP OF MONTCLAIR, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 15, 1982.
Decided December 28, 1982.
*360 Before Judges ARD, KING and McELROY.
Jack Gold, attorney for appellant (Philip Vernon on the brief).
Joseph C. Dickson Jr., attorney for respondent.
The opinion of the court was delivered by McELROY, J.A.D.
This is an appeal from an affirmance by the Director of the Division of Alcoholic Beverage Control of a resolution of defendant local issuing authority, the Township Council of Montclair, New Jersey, denying appellant a place-to-place transfer of its liquor consumption license to premises known as 600 Bloomfield Avenue in that township.
On the appeal from the township council determination to the Division of Alcoholic Beverage Control the matter was submitted to an administrative law judge who, after a hearing, made findings of fact and concluded that the resolution of the respondent council was unreasonable and, in part, "placed too much emphasis on the objection of two churches sufficiently distant from the proposed site." At the appeal hearing the parties stipulated that the two protesting churches were more than 200 feet from the proposed location. See N.J.S.A. 33:1-76; Fanwood v. Rocco, 33 N.J. 404, 412 (1960). The Director's determination rejected the initial decision of the administrative law judge and affirmed the township's denial of transfer.
Appellant requests that we reverse the Director and hold that the township council clearly acted arbitrarily, capriciously and unreasonably. We do not treat this issue because we are persuaded by appellant's second ground of appeal to reverse and remand the matter to the township council for a new hearing on appellant's application for a transfer of license. Appellant contends that two members of the township council, Ramsey and *361 Reilly, were members of the Union Baptist Church and failed to disclose that membership although that church, through its pastor and other members, was a principal objector to the proposed relocation of this liquor license.
This issue of conflict of interest was not treated in the determinations of the administrative law judge or the Director because, as noted, the council members did not reveal their affiliation with the protesting church and respondent's counsel did not, apparently, obtain confirmation of appellant's suspicion until recently. Respondent's brief now concedes that "Councilman Ramsey and Councilwoman Reilly attend that Church." It is not disputed that Reverend Maxwell, pastor of the Union Baptist Church, not only appeared with other church members before the local council and objected to this transfer as inimicable to the interests and activities of the church, but had also sent a letter of protest to the town clerk. Although there were seven members of the council, the letter indicates that copies were only sent to Councilman Ramsey and Councilwoman Reilly, the two members of his congregation who sat on the council.
The principles controlling resolution of a conflict of interest are set forth in Van Itallie v. Franklin Lakes, 28 N.J. 258 (1958):
The decision as to whether a particular interest is sufficient to disqualify is necessarily a factual one and depends upon the circumstances of the particular case. Aldom v. Borough of Roseland, supra, 42 N.J. Super. [495] at page 503. No definitive test can be devised. The question will always be whether the circumstances could reasonably be interpreted to show that they had the likely capacity to tempt the official to depart from his sworn public duty.
........
Local governments would be seriously handicapped if every possible interest, no matter how remote and speculative, would serve as a disqualification of an official. If this were so, it would discourage capable men and women from holding public office. Of course, courts should scrutinize the circumstances with great care and should condemn anything which indicates the likelihood of corruption or favoritism. But in doing so they must also be mindful that to abrogate a municipal action at the suggestion that some remote and nebulous interest is present, would be to unjustifiably deprive a municipality in many important instances of the service of its duly elected or appointed officials. The determinations of municipal officials should not be approached with a general feeling of suspicion, for as Justice Holmes has said, `Universal distrust creates *362 universal incompetency.' Graham v. United States, 231 U.S. 474, 480, 34 S.Ct. 148, 151, 58 L.Ed. 319, 324 (1913); see also Ward v. Scott (II), 16 N.J. 16 (1954). [at 268-269]
In Griggs v. Princeton, 33 N.J. 207 (1960) it was observed:
The question is whether there is a potential for conflict, not whether the public servant succumbs to the temptation or is even aware of it. Aldom v. Borough of Roseland, 42 N.J. Super. 495, 502 (App.Div. 1956); Zell v. Borough of Roseland, 42 N.J. Super. 75, 82 (App.Div. 1956). See Kaplan and Lillich, `Municipal Conflicts of Interest: Inconsistencies and Patchwork Prohibitions,' 58 Colum.L.Rev. 155, 177 (1958).
........
The potential of psychological influences cannot be ignored. Cf. Aldom v. Borough of Roseland, supra, 42 N.J. Super. at p. 507. We do not hold that these matters had an effect in the instant case. Nevertheless, we perceive the rule to be that the mere existence of a conflict, and not its actual effect, requires the official action to be invalidated. Aldom v. Borough of Roseland, supra, 42 N.J. Super. at p. 502. [at 219-220]
It has been observed by this court, in a similar context, that "the members of a non-pecuniary organization must be deemed to have the same relative interest in it (although non-pecuniary) as stockholders have in a corporation ... The totality of interest in a church obviously resides in its entire membership." Zell v. Roseland, 42 N.J. Super. 75, 81 (App.Div. 1956).
We do not impugn the motives of the two members of the council who, while members of the protesting church, participated without disclosure of their personal interest. We assume they acted sincerely and voted in the belief that they thereby served the public interest. However, the principles applicable to conflict of interests must be applied with an even hand where a potential for a division of loyalties exists.
A personal interest or relationship that has reasonable prospect of influence upon the decisional process should, at the very least, be disclosed. Such disclosure secures to the applicant the right, prior to the exercise of the discretion vested in a council member, to timely challenge the composition of the hearing body. Cf. Fanwood v. Rocco, supra 33 N.J. at 417. Here, the two council members held interests different from that which they held in common with members of the public. They were *363 confronted with a protest voiced by their spiritual mentor that the location of the liquor license in proximity to the church will have serious adverse effect upon church interests. In these circumstances there can be no doubt that a question of the prospect of divided loyalties between their personal interest and their obligation of official civic duty existed. In such circumstances rectitude compelled disclosure and the public interest required disqualification. Only by such action can the exercise of the discretionary power of government, like Caesar's wish for his wife, "be not so much as suspected."
Respondent does not contend that in the absence of these council members a quorum would not have existed in this seven-member body. The present situation is different from that presented in Fanwood v. Rocco, supra, where Justice Jacobs, for the court, stated the controlling principle we apply as warranting, in this case, a reversal and remand:
Finally, reference may be made to the fact that there were members of the borough council who were also members of the objecting Presbyterian Church. It seems to us that if a quorum could have been convened without such councilmen then that course would have been the proper one for it is important that the appearance of objectivity and impartiality be maintained as well as their actuality. Cf. Griggs v. Princeton Borough, 33 N.J. 207, 219 (1960); Zell v. Borough of Roseland, 42 N.J. Super. 75, 81 (App.Div. 1956). [33 N.J. at 417]
It is of no moment that five members of the deciding body of seven members lacked the personal interest held by these two council members and nevertheless voted to deny the transfer. We cannot speculate that the personal interests of these two members had no effect upon the votes of the others. "`The infection of the concurrence of the interested person spreads, so that the action of the whole body is voidable.'" Pyatt v. Dunellen, 9 N.J. 548, 557 (1952).
The resolution of respondent council is vacated and the order of the Director of the Division of Alcoholic Beverage Control is reversed. The matter is remanded to the Township Council of the Township of Montclair for reconsideration. Councilman Ramsey and Councilwoman Reilly are disqualified from participation in the matter.